United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK J. SIMMONS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>SCOTT KERNAN,<br><br>　　　　Respondent.<br>_____ | No. C 06-1590 MMC (PR)<br><br>**ORDER TO SHOW CAUSE;**<br>**GRANTING LEAVE TO PROCEED**<br>**IN FORMA PAUPERIS**<br><br>(Docket Nos. 2 & 4) |

On February 28, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has applied for leave to proceed in forma pauperis.

**BACKGROUND**

In 1992, petitioner was sentenced to terms of nine years, three years, and seven-years-to-life in state prison following his conviction in Monterey County Superior Court of attempted murder, assault with a deadly weapon and aggravated mayhem, respectively. The California Court of Appeal affirmed the judgment with a modification to the mayhem conviction.[1] The California Supreme Court denied the petition for review. Petitioner thereafter filed unsuccessful habeas petitions at all three levels of the California courts.

---

[1] The petition is not clear as to the precise nature of the modification.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Legal Claims

In the first and second claims in the petition, petitioner asserts that his life sentence on the mayhem charge is unconstitutional because the trial court gave incorrect jury instructions, failed to instruct on the element of intent and on a lesser-included offense, and did not allow the jury to read a portion of the summation.[2] In the third claim, petitioner contends his defense counsel was ineffective, in violation of petitioner's Sixth Amendment rights, in failing to object to the foregoing asserted errors. Petitioner's claims, liberally construed, are cognizable.

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1.   The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

---

[2] These arguments are repeated in both the first and second claims.

2.  Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's three cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

3.  In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the filing of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the filing of any opposition.

**If respondent moves to dismiss the petition as untimely, respondent shall address in his motion the arguments in the petition regarding timeliness and tolling of the statute of limitations.**

4.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.  Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

7.  In light of petitioner's lack of funds, his application to proceed in forma

3

1  pauperis is GRANTED.

2      This order terminates Docket Nos. 2 and 4.

3      IT IS SO ORDERED.

4  DATED: June 12, 2006

5                                        MAXINE M. CHESNEY
                                     United States District Judge