IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK J. SIMMONS, | No. 06-1590 MMC (PR) |
|     Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DISMISSING PETITION WITHOUT LEAVE TO AMEND** |
|     v. | |
| SCOTT KERNAN, | |
|     Respondent. / | |

Before the Court is respondent Scott Kernan's motion, filed July 11, 2006, to dismiss petitioner Derek J. Simmons' petition for a writ of habeas corpus, on the ground of untimeliness. Petitioner has filed opposition. Respondent did not file a reply. Having considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.

## BACKGROUND

On January 4, 1991, petitioner was "sentenced to concurrent prison terms of life for [ ] aggravated mayhem and of 12 years for [ ] attempted murder." See People v. Simmons, No. H007997, slip op. at 1 (Cal. Ct. App. Dec. 6, 1991).[1] On December 6, 1991, the

---

[1] The California Court of Appeal's decision is Exhibit B to the instant petition.

California Court of Appeal affirmed the judgment, as modified,[2] and, on February 26, 1992, the California Supreme Court denied review. Petitioner's conviction became final ninety days thereafter. On January 8, 2003, petitioner filed the first of a series of state-court applications for post-conviction relief, the last of which was denied by the California Supreme Court on April 13, 2005. On February 26, 2006, petitioner filed the instant petition in district court.

## DISCUSSION

Respondent argues the instant petition was not filed within the one-year statute of limitations applicable under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See 28 U.S.C. § 2244(d).

Pursuant to AEDPA, a habeas petition must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A). Because petitioner's conviction became final before the date AEDPA became effective, April 23, 1996, he was "required to file any remaining federal petition for which [he was] eligible within one year of AEDPA's effective date, that is, by April 24, 1997." See Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003). Petitioner filed the instant petition on February 28, 2006, almost nine years after the expiration of the statute of limitations. Accordingly, absent an exception to or tolling of the statute of limitations, petitioner's federal habeas petition is subject to dismissal as untimely.

In his opposition, petitioner does not rely on an exception to the statute of limitations; rather, petitioner asserts he is entitled to tolling, both equitable and statutory. In his petition, however, petitioner has not alleged any facts to support such entitlement. Accordingly, the Court considers whether it would be futile to allow petitioner to amend to allege his entitlement to such relief. See Herbst v. Cook, 260 F.3d 1039, 1043-44 and n. 4

---

[2] The California Court of Appeal stayed the execution of the 12-year term imposed for attempted murder until the term of life in prison for aggravated mayhem had been served, whereupon such stay would become permanent. (See id. at 13-14)

2

1 (9th Cir. 2001) (holding petitioner entitled to amend petition where petitioner asserted, in
2 motion for reconsideration and affidavit in support thereof, grounds that might upon
3 "appropriate development of the record" warrant finding petitioner entitled to equitable
4 tolling).

Petitioner asserts he is entitled to equitable tolling because he was denied reasonable access to his legal materials and the prison law library. Petitioner also asserts he is entitled to statutory tolling as of the date he filed his first application for state post-conviction relief.

"AEDPA's statute of limitations provision is subject to equitable tolling." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). In order to establish equitable tolling, a petitioner must show "he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way." See Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006). The denial of access to legal materials and law a library may, under certain circumstances, constitute grounds for equitable tolling. See Espinoza-Mathews v. California, 432 F.3d 1021, 1028 (9th Cir. 2005) (holding petitioner entitled to equitable tolling where he was denied access to legal materials); Roy v. Lampert, 465 F.3d 964, 967 and n. 2 (9th Cir. 2006) (observing "woefully deficient law library" in prison may constitute extraordinary circumstance).

Here, petitioner asserts he lacked reasonable access to his legal materials and to the prison law library "until 2003." (See Simmons Decl. ¶¶ 3, 7, 16.) According to petitioner, such asserted extraordinary circumstances prevented him from filing an application for post-conviction relief until January 2003.[3]

Assuming, arguendo, petitioner can sufficiently allege his entitlement to equitable tolling through January 2003, leave to amend would be proper only if petitioner could allege his entitlement to statutory tolling thereafter, based on his applications for state post-

---

[3] Petitioner does not assert that such circumstances existed after January 2003. Indeed, petitioner was able to file a state petition in January 2003, and to file thereafter three other applications for relief with the state courts.

3

conviction relief. Pursuant to AEDPA, the one-year statute of limitations is tolled for the period of "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." See 28 U.S.C. § 2244(d)(2). "An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings including time limits upon its delivery." See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005) (emphasis in original) (internal quotation and citation omitted). Consequently, when an application is untimely under state law, the application is not "properly filed" and "that [is] the end of the matter for purposes of § 2244(d)(2)." See id. at 414 (internal quotation omitted).

Petitioner's applications for state post-conviction relief were filed and resolved as follows:

1. On January 8, 2003, in Monterey County Superior Court, petitioner filed his first petition for a writ of habeas corpus (see Resp.'s Mot. Ex. D at Ex. C); the petition was denied as untimely on January 15, 2003, (see Pet. Ex. C at first page).

2. On or about July 29, 2003, petitioner filed a second habeas petition in Monterey County Superior Court, (see Resp.'s Mot. Ex. D at Ex. E); the petition was denied on September 2, 2003 as untimely, (see Pet. Ex. C at second page).

3. On a date unspecified by petitioner, petitioner filed an "appeal" in the California Court of Appeal; it was denied as untimely on January 14, 2004, (see Pet. at 5).[4]

4. On May 14, 2004, petitioner filed a petition for a writ for habeas corpus in the California Supreme Court, (see Resp.'s Mot. Ex. D); the petition was denied on April 13, 2005 as untimely, (see Resp.'s Mot. Ex E).[5]

---

[4] Neither party provided a copy of the "appeal" or the decision. Petitioner acknowledges in his petition, however, that his "appeal" to the California Court of Appeal was denied as "time barred." (See id.)

[5] In denying the petition, the California Supreme Court cited In re Robbins, 18 Cal. 4th 770, 780 (1998), and In re Swain, 34 Cal. 2d 300, 304 (1949). Such citation to Robbins constitutes "a clear ruling that [the] petition was untimely," see Thorson v. Plamer, No. 02-17359, 2007 U.S. App. LEXIS 3370, at *4 (9th Cir. Feb. 15, 2007), and the "Swain rule is commonly referred to as the 'untimeliness' bar," see Washington v. Cambra, 208 F.3d 832, 833 (9th Cir. 2000).

As set forth above, each of petitioner's applications for state post-conviction relief was dismissed as untimely. As a result, none of those applications was "properly filed." See Pace, 544 U.S. at 413. Consequently, petitioner cannot establish entitlement to statutory tolling under 28 U.S. § 2244(d)(2).

Accordingly, leave to amend to allege tolling of the statute of limitations would be futile.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS respondent's motion to dismiss, and the petition is hereby DISMISSED without leave to amend.

**IT IS SO ORDERED.**

Dated: February 20, 2007

MAXINE M. CHESNEY
United States District Judge

5